# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12cv36

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND RECOMMENDATION |
| FRANCES CARLSON, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Defendants' Motion to Dismiss [# 6]. Defendants move to dismiss this case for lack of jurisdiction or, in the alternative, to transfer this case to the United States District Court for the Middle District of Florida. The Court **RECOMMENDS** that the District Court **DENY** the motion [# 6].

**I.   Background**

Defendants Frances Carlson and Reidar Carlson are married and reside in Florida. (Pl.'s Compl. ¶ 4.) Between 1997 and 2000, Defendants Frances and Reidar Carlson acquired three parcels of land in Mitchell County, North Carolina. (Id. ¶ 14.) On September 7, 2009, a delegate of the Secretary of the Treasury assessed penalties against Defendant Frances Carlson pursuant to IRC § 6701 in

the amount of $148,000. (Id. ¶ 8.) At the time, although titled in the name of Reidar's Retreat, LLC, Defendants Frances and Reidar Carlson were the true and beneficial owners of the North Carolina property. (Id. ¶ 17.)

In 2001, Defendants Frances and Reidar Carlson formed Defendant Reidar's Retreat, LLC, a Florida limited liability company. (Id. ¶¶ 5, 23.) Although the sole owners of Defendant Reidar's Retreat were the four children of Defendants Frances and Reidar Carlton, Defendants Frances and Reidar Carlton are the company's managers and are vested with all management control over the company. (Id. ¶ 24.) After forming Defendant Reidar's Retreat, Defendants Frances and Reidar Carlson used their own funds to pay off the debt incurred in purchasing the North Carolina property, then conveyed their interest in the property to Defendant Reidar's Retreat. (Id. ¶¶ 24, 27-28.)

In 2005, Defendants Frances and Reidar Carlson became the nominal owners of Defendant Reidar's Retreat by causing their four children to relinquish their nominal ownership in the company. (Id. ¶ 56.) Defendants Frances and Reidar Carlson then used their own funds to make improvements to the North Carolina property, including building a four bedroom home on the property. (Id. ¶ 61.)

The Government then brought this action to foreclose its tax lien on

Defendant Frances Carlson's interest in the North Carolina property. Defendants filed a cursory motion to dismiss on the grounds that the Court lacks personal jurisdiction over Defendants and that venue is improper. Defendants' motion is now before the Court for a Memorandum and Recommendation to the District Court.

**II.     Analysis**

**A.     Defendant Reidar's Retreat may not Proceed in this Court Pro Se**

As an initial matter, this Court notes that Defendant Reidar Carlson signed the Motion to Dismiss on behalf of Defendant Reidar's Retreat, LLC. As a corporation, Defendant Reidar's Retreat may only proceed in this Court with counsel; it may not proceed in this Court *pro se* and Defendant Reidar Carlson, who is not an attorney licenced to practice in this Court, may not represent Defendant Reidar's Retreat. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993); see also Inspirational Network, Inc. v. TMH Telemedia Servs. Ltd., No. 3:10cv110, 2011 WL 5402669 (W.D.N.C. Nov. 8, 2011) (Conrad, C.J.). The Court **INSTRUCTS** Defendant Reidar's Retreat that it must immediately retain counsel. The Court **DIRECTS** Defendant Reidar's Retreat to retain counsel and for counsel to enter an appearance in this case within twenty (20) days of the entry of this Order. The failure to comply with this Order

and obtain counsel could result in default judgment being entered against Defendant Reidar's Retreat.  See Dove Air, Inc. v. Joda, LLC, No. 1:10cv293, 2011 WL 4712316 (W.D.N.C. Oct. 6, 2011) (Reidinger, J.) (dismissing action where corporation failed to obtain substitute counsel within the time directed by the Magistrate Judge); Inspirational Network, Inc. v. TMH Telemedia Servs. Ltd., No. 3:10cv110, 2011 WL 765674 (W.D.N.C. Feb. 24, 2011) (Conrad, C.J.) (adopting Memorandum and Recommendation recommending that the District Court enter default judgment against corporation, in part, because corporation failed to comply with the Magistrate Judge's Order to obtain substitute counsel upon the granting of a motion to withdraw);  Inspirational Network, Inc., 2011 WL 5402669; Reagan v. Jennifer Matthew Nursing & Rehabilitation Ctr., No. 07-cv-6150P, 2010 WL 2869551 (W.D.N.Y. Jul. 20, 2010); Rollins v. A.R. Investigations, Inc., No. CV 109-38, 2010 WL 3672325 (S.D. Ga. Sept. 17, 2010); Schoemehl v. All-Tech Sec., Inc., No. 4:06cv1556, 2007 WL 1992168 (E.D. Mo. Jul. 2, 2007); Wilkinson Indus., Inc. v. Taylor's Indus. Servs., LLC, No. 8:06cv405, 2007 WL 1751739 (D. Neb. Jun. 18, 2007); R. Maganlal & Co. V. M.G. Chem. Co., Inc., No. 88civ4896, 1996 WL 715526 (S.D.N.Y. Dec. 12, 1996) (entering default judgment where a corporation failed to comply with a court order directing it to retain new counsel).

### B. This Court has Personal Jurisdiction over Defendants

A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). However, when the District Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Id.; Mylan Labs., Inc. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to plaintiff and must resolve all factual disputes in favor of the plaintiff. New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60.

In order to determine whether Plaintiff has satisfied its burden, the Court must engage in a two step analysis. Ellicott Mach. Corp., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc.v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir. 1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of

jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C. 1977), courts have compressed this two-step inquiry into a single inquiry, see CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Gen. Latex and Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n1 (W.D.N.C. 1991) (Potter, J.); Shinn v. Greeness, 218 F.R.D. 478, 481 (M.D.N.C. 2003).

The cornerstone of an analysis as to whether the exercise of personal jurisdiction over Defendants comport with due process, is whether Defendants purposefully established minimal contacts with North Carolina. Ellicott Mach., 995 F.2d at 477. "Minimal contacts exists where the defendant purposefully directs its activities toward the resident of the forum." Id. (internal quotations and citation omitted); Lesnick v. Hollingsworth & Vose Co., 35 F. 3d 939, 945 (4th Cir. 1994).

Minimal contacts alone, however, is insufficient to satisfy due process. Ellicott Mach., 995 F.2d at 477. The exercise of jurisdiction over Defendants must also conform to the concepts of fair play and substantial justice. Id.; Lesnick, 35

F.3d at 945.  "In other words, once it has been decided that a defendant purposefully established minimal contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice."  Ellicott Mach., 995 F.2d at 477 (internal quotations and citation omitted).  The United States Court of Appeal for the Fourth Circuit has set forth a number of the factors to aid lower courts in making such a determination, including: "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies."  Lesnick, 35 F.3d at 946; see also Regent Lighting Corp. v. Galaxy Elec. Mfr., Inc., 933 F. Supp. 507, 510 (M.D.N.C. 1996).

Although Defendants contend that the Court lacks jurisdiction over them because they live in Florida and do not own property in North Carolina, the allegations in the Complaint set forth a prima facie case of personal jurisdiction over Defendants.  Defendants Frances and Reidar Carlson purchased three parcels of land in North Carolina.  (Pl.'s Compl. ¶ 14.) They then conveyed their interest in this land to Defendant Reidar's Retreat, a corporate entity over which they exercised all management control.  (Id. ¶¶ 24, 28.)  In 2005, Defendants Frances

and Reidar Carlson became the nominal owners of Defendant Reidar's Retreat. (Id. ¶ 56.) Subsequently, Defendants Frances and Reidar Carlson spent their own money to make improvements to the North Carolina property, including building a four bedroom home on the property. (Id. ¶ 61.) As of August 2009, the value of Defendants Frances and Reidar Carlson's interest in the North Carolina property exceeded $250,000. (Id. ¶ 63.) Finally, Defendants have advertised this North Carolina home for rent to third parties. (Id. ¶ 62.)

These factual allegations in the Complaint set forth set forth a prima facie case of personal jurisdiction over Defendants. Defendants have purchased and developed property in North Carolina, engaged in various transactions related to this property, and engaged in the commercial activity of renting the property to third parties. In short, Defendants have purposefully established the necessary minimal contacts with North Carolina necessary for this Court to exercise personal jurisdiction over them, regardless of the fact that they reside in Florida. See Ellicott Mach., 995 F.2d at 477. Moreover, the exercise of jurisdiction over Defendants does not conflict with the concept of fair play and substantial justice. See id. Finally, Defendants have failed to actually set forth any legal argument as to how the allegations in the Complaint are insufficient to confer personal jurisdiction on the Court or offer a single legal citation supporting their contention

that this Court lacks personal jurisdiction over them. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 6].

### C. Venue is Proper in this Court

Defendants also contend that venue is not proper in this Court, and the Court should transfer this case to the United States District Court for the Middle District of Florida. Like Defendants contention that this Court lacks personal jurisdiction over them, Defendants argument that venue is improper in this district is equally unavailing.

Venue is proper in an action brought by the United States pursuant to 26 U.S.C. § 7403 to enforce a lien in the district court where the property is located. Caleshu v. U.S., 570 F.2d 711, 713 n.6 (8th Cir. 1978); U.S. v. Stone, 59 F.R.D. 260, 263-64 (D. Del. 1973); U.S. v. Barber, No. Civ-08-1042-D, 2009 WL 1076793, at *2 (W.D. Okla. Apr. 21, 2009). "A federal suit to enforce a tax lien on the taxpayer's property should be brought in the United States district court for the district in which such property is located, without regard to the taxpayer's place of residence or the place at which the income has been earned." 35 Am. Jur. 2d Federal Tax Enforcement § 1133 (2012); see also 47C C.J.S. Internal Revenue § 759 (2012). Because this is an action by the United States to enforce a lien on property located in this district, venue is proper in this district. Accordingly, the

that this Court lacks personal jurisdiction over them. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 6].

### C. Venue is Proper in this Court

Defendants also contend that venue is not proper in this Court, and the Court should transfer this case to the United States District Court for the Middle District of Florida. Like Defendants contention that this Court lacks personal jurisdiction over them, Defendants argument that venue is improper in this district is equally unavailing.

Venue is proper in an action brought by the United States pursuant to 26 U.S.C. § 7403 to enforce a lien in the district court where the property is located. Caleshu v. U.S., 570 F.2d 711, 713 n.6 (8th Cir. 1978); U.S. v. Stone, 59 F.R.D. 260, 263-64 (D. Del. 1973); U.S. v. Barber, No. Civ-08-1042-D, 2009 WL 1076793, at *2 (W.D. Okla. Apr. 21, 2009). "A federal suit to enforce a tax lien on the taxpayer's property should be brought in the United States district court for the district in which such property is located, without regard to the taxpayer's place of residence or the place at which the income has been earned." 35 Am. Jur. 2d Federal Tax Enforcement § 1133 (2012); see also 47C C.J.S. Internal Revenue § 759 (2012). Because this is an action by the United States to enforce a lien on property located in this district, venue is proper in this district. Accordingly, the

Court **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss [# 6].

## III.     Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 6].  In addition, the Court **INSTRUCTS** Defendant Reidar's Retreat that it must immediately retain counsel. The Court **DIRECTS** Defendant Reidar's Retreat to retain counsel and for counsel to enter an appearance in this case within twenty (20) days of the entry of this Order.

Signed: August 27, 2012

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).